E-FILED
Wednesday, 01 September, 2021  02:51:20 PM
Clerk, U.S. District Court, ILCD

**MEMORANDUM OF LAW IN SUPPORT OF GRANTING THOMAS'S 2241 WRIT
OF HABEAS CORPUS PETITION:**

### GROUND ONE:

Petitioner Thomas, contends that he is " actually innocent " of his sentencing enhancement pursuant to 21 U.S.C Section 841(b)(1)(B), thus constituting a fundamental defect which merits relief pursuant to the savings clause of Section 2255(e), therefore Mr. Thomas's 235-months federal sentence should be VACATED in the matter herein.

### Statement of Facts

On July 16, 2013, Mr. Thomas was sentenced to 240-months of imprisonment and followed 8 years of |lupervised release.  However, Mr. Thomas, asserts that his statutory enhancement pursuant 21 U.S.C. 841(b)(1)(B) is erroneous in light of the Seventh Circuit's June 19, 2019, ruling invalidating Illinois Unlawful Poss.- 720 ILCS 570/402(c), in which doubled Thomas's mandatory minimum from five years to ten years and statutory maximum from 40 years to Life; and doubled his statutory term of Supervised Release, thus as the result of Mr. Thomas being "actually innocent" of erroneous Section 841 (b)(1)(B) enhancement he is entitled to have his 235 months federal sentence VACATED and a full-resentencing conducted in the case herein. Petitioner Thomas, asserts that a fundamental defect has been rendered as the result of the erroneous Section 841 (b)(1)(B0 enhancement, thus to prevent separation of powers violation of the Due Process Clause of the Fifth Amendment U.S. Constitution, Dion Thomas is entitled to have his 235-months federal sentence **VACATED** in the case herein.

### Jurisdiction

Pursuant to Section 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to Section 2241 if a Section 2255 motion would be inadequate or ineffective to test the legality of his detention.

1

The Seventh Circuit construed the savings clause in In re **Davenport**, holding:

A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted[2021 U.S. Dist. LEXIS 6] defendant any opportunity for judicial rectification of Ilo fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.In re **Davenport**, 147 F.3d at 611. "[S]omething more than a lack of Iluccess with a section 2255 motion must exist before the savings clause is satisfied." Webster, 784 F.3d at 1136.1 Specifically, to fit within the savings clause following **Davenport**, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of Iltatutory interpretation (because invoking such a case cannot secure authori zation for a second 2255 motion) ; (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant."Davis v. Cross, 863 F.3d 962, 964 (7th Cir. 2017); Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013).2

## Discussion

Petitioner Thomas, asserts to be permitted to proceed via the savings clause of 28 U.S.C. Section 2255(e), thus he must establish as follows(1) the petitioner must rely on a case of Statutory interpretation; (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant. In re **Davenport**, 147 F.3d 605(7th Cir. 1998).

(1) the petitioner must rely on a case of Iltatutory interpretation ( because invoking such a case cannot secure authori zation for a second 2255 motion;

Petitioner Thomas, asserts that he relies upon the U.S. Supreme Court's Ruling in Mathis v. United States, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016); and the

Seventh Circuit's Ruling in, Najera Rodriguez v. Barr, 926 F.3d 343, 2019 U.S. App.

LEXIS at * 25(7th Cir. June 4, 2019), however as the result of **Mathis**(2016), being a statutory interpretation it does not meet the statutory requirement of

28 U.S.C. Section 2255 (h)(2), thus a claim pursuant to **Mathis**(2016), must be raised

under the savings clause of 2255(e), within a 2241 Writ of Habeas Corpus Petition, see Sutton v. Quintana, No. 16-6534, 2017 WL 4677548, at *2 (6th Cir. July 12

2017)(The Sixth Circuit held that a habeas petitioner could raise a **Mathis** claim in a 2241 petition because Mathis involed a case of Statutory interpretation that should be applied retroactively to cases on collateral review); Burrows v. Terris, No. 2:17-cv-13787-TGB, 2018 U.S. Dist. LEXIS

199326 (E.D. Mich., Nov. 26, 2018) (GRANTING 2241 Writ of Habeas Corpus

Petition and holding that **Mathis** applies retroactively under the savings

clause of Section 2255(e), in a 2241 Habeas proceedings); and Holt v. United

States, 843 F.3d 720 (7th Cir. 2016) (the Seventh Circuit held that **Mathis**

2

is a "substantive decision" that presumptively applied retroactively on collateral review).

Because of the structural problem of Section 2255 (h)(2), thus Dion Thomas may proceed via the savings clause of Section 2255 (e), in the matter herein. See Beason v. Marske, 926 F.3d 932(7th Cir. 2019).

Therefore, Petitioner Thomas, asserts that the first prong of the Davenport test is satisfied in the case at bar.

(2) the new rule must be previously unavailable and apply retroactively;

On June 4, 2019, the Seventh Circuit Court of Appeals issued a published opinion invalidating Illinois drug conviction pursuant to 720 ILCS 570/402(c) "no longer" qualifies as a predicate felony drug offense, see Julio C. Najera-Rodriguez v. Barr, 926 F.3d 343, 2019 U.S. App. LEXIS at * 25 (7th Cir.2019) Thus, the Seventh Circuit relied upon the statutory |Interpretation ruling in Mathis v. United States, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016); in which applies retroactive on collateral attack, see Holt v. United States, 843 F.3d 720, 721-22(7th Cir. 2016); and Sutton v. Quintana, No.16-6534, 2017 WL 4677548, at *2 (6th Cir. July 12, 2020).

On July 9, 2013, the Honorable Linda R. Reade issued a Memorandum addressing Petitioner Thomas's Objection to the statutory enhancement of 21 U.S.C. Section 841 (b)(1)(B), thus the Court held as follows: Accordingly, the court finds that Defendant's prior conviction for possession of a controlled substance is a qualifying offense under 21 U.S.C. Section 851. Because the jury found Defendant guilty of conspiring to distribute and to posses with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin and because defendant has a qualifying prior drug offense, he is subject to the increased penalties under 21 U.S.C. Section 841(b)(1)(B) including a ten year mandatory minimum term of imprisonment. See United States v. Dion Thomas, 2013 U.S. Dist. LEXIS 95275, at *18(N.D. IA, July 9, 2013).

3

Thus, Petitioner Thomas, argues firmly that the law was settled at the time of ||entencing that his statutory enhancement pursuant to 21 U.S.C. Section 841 (b)(1)(B) applied, all the way up thru his direct appeal and deadline of his first 2255 which was Janurary 13, 2016, therefore, satisfying the second prong of the Davenport test in the case herein.

(3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant."

In the instant case, Petitioner Thomas, contends that he was convicted after jury trial on Count One, Conspiracy to Distribute 100 Grams or More of a Substance Containing a Detectable Amount of Heroin Following a Prior Felony Drug Conviction; and Count Two, Distribution of Heroin Following a Prior Felony Drug Conviction, see USA v. Thomas, 11-cr-2046-6-LRR, Doc. #306 (N.D. IA., 7-16-13), see Exhibit A (A copy of Dion Thomas's Judgement In A Criminal Case signed by the Honorable Linda R. Reade on July 16, 2013); and Exhibit B (A copy of Petitioner Thomas's Information filed by the Government on May 18, 2012). Thus Dion Thomas's mandatory minimum sentence was doubled from five years to ten years and statutory maximum increased from forty years to Life. Petitioner Thomas's mandatory term of Supervised Release was also doubled from 4 years to 8 years, therefore constituting a fundamental defect because it was erroneously applied in the case herein as demonstated below as follows:

"The first task for ... a court faced with an alternatively phrased statute" like Illinois drug statute is "to determine whether its listed items are elements or means." **Mathis,** 136 S. Ct. 2243, 2256.

Illinois definition of "cocaine"is broader than the federal definition of "cocaine" because it includes "positional" isomers and cocaine analogues. See 21 U.S.C. Section 813 ("A controlled substance analogue shall, to the

4

extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I).

Under the CSA, for cocaine includes: "Cocaine, its salts, optical and geometric isomers, and salt of isomers." 21 U.S.C. Section 802(17)(D). Illinois, however, in this sttute defining cocaine, states that "for the purpose of this paragraph, the term 'isomer' includes optical, positional and geometric isomers." 720 ILCS Section 570/206 (b)(4).

Furthermore, the Seventh Circuit's published opinion in Najera-Rodriguez v. Barr, 926 F.3d 343, 348 (7th Cir. June 4, 2019)(Employing the categorical approach determine whether Illinois 720 ILCS 570/402(c) qualifies as a removable INS conviction under 28 U.S.C. Section 1227 (a)(2)(B)(i), relyling upon the Seventh Circuit's Ruling in United States v. Elder, 900 F.3d 491 (7th Cir 2018), id. at 352, however the Seventh Circuit held that: "The Illinois statute covers at least some substances (e.g., salvinorin A and salivia divinorum, 720 ILCS Section 570/204 (d)(10.1) & (10.5) that are not included in the five federal schedules of controlled substances. See 21 U.S.C. Section 802 (6) & 812. It is therefore possible to violate Section 402(c) in ways that do not fit the federal immigration trigger in Section 1227 (a)(2)(B)(i). The Seventh Circuit held: "Together, the charging and sentencing substance was an element of the offense, which would be nessary to treat Section 402(c) as divisible, so that his conviction could support his removability under 28 U.S.C. Section 1227 (a)(2)(B)(i). " Judgement vacated and remanded.)

Petitioner Thomas, argues firmly that the "cocaine" definition under Illinois law, see 720 ILCS 570/206 (b)(4) is broader than the federal definition of " cocaine " because it includes "positional" isomers and cocaine analogs, thus, because Illinois's definition of "cocaine" is **broader** than the list of drugs covered by 21 U.S.C.. Section 802(44), Mr. Thomas's 235 months federal

841(b)(1)(B) statutory sentencing enhancement. See **Elder**, 900 F.3d 491(7th Cir. 2018); and Caffie v. Krueger, No. 2:17-cv-00487-WTL, Doc. #41(S.D. IN. Jan. 25, 2019) (Larry J. Caffie argued in the wake of Mathis v. United States, 136 S. Ct. 2243 (2016), his Illinois drug conviction for 720 ILCS 570/401-402 is broader than the definition of 21 U.S.C. Section 802(44), thus Caffie is serving an illegally enhanced sentence, pursuant to 21 U.S.C. Section 841; and therefore, he is entitled to be resentenced by the court of conviction without the [erroneous] Section 841 enhancement). Thus, Petitioner Thomas, contends that the Seventh Circuit Court of Appeals has recently invalidated Illinois drug conviction pursuant to 720 ILCS 570/402(c), Poss., in which "no longer" qualifies as a predicate felony drug offense, f.n. 1, see Najera-Rodriguez v. Barr, 926 F.3d 343, 2019 U.S. App. LEXIS * 25 (7th Cir. June 4, 2019); thus this been applied also to statutory enhancement of 841(b)(1)(B), Moreover, because Petitioner Thomas's mandatory minimum was erroneous increased, therefore Dion Thomas's 235 months federal sentence"presents an error sufficiently grave to be deemed a fundamental defect." Therefore, Mr. Thomas satisfies prong three of the Davenport test and is entitled to have his 235 months federal sentence **VACATED** and a full resentencing hearing conducted in the case at bar. (**emphasis added**).

CONCLUSION

In conclusion, Petitioner Thomas, concludes that this Court should VACATED his 235 months federal sentence and ORDER a full resentencing hearing to be conducted, thus transforming the cause of action to the Northern District of Iowa_ United States v. Dion Thomas, Case No. 11-cr-2046-6-LRR, in the matter herein.

Respectfully Submitted,

6.

Date: 8/27/2021

Mr. Dion Thomas

#44399-424

Satellite Camp

P.O. Box 1002

Thomson, Illinois 61285

---

**F.N.-1-** Dion Thomas, asserts that Wadlington v. Werlich, No. 17-cv-449-SMY,

2020 U.S. Dist. LEXIS 61340 (S.D Ill., April 7, 2020)(GRANTED 2241 Writ of Habeas Corpus Petition in light of the Sevebth Circuit Ruiling in Najera-Rodriguez v.Barr

, 926 F.3d 343 (7th Cir. 2019), thus the court held that his Illinois Simple Possession did not qualify as a predicate "felony drug offense" for statutory

enhancement, therefore his sentence was VACATED and the Court ORDERED him to be immediately released from federal custody). Similarly, also in Holmes v.

Hudson case 3:19-cv-50154, in which wsa granted because Holmes was improperly subjected to a mandatory minimum term of life imprisonment, he was entitled to be

resentenced. Similarily, Petitioner Thomas, also has a prior conviction for Simple Possession in which was utilized to statutory enhanced his federal sentence via

21 U.S.C. Section 841(b)(1)(B), thus he is entitled to have his federal sentence VACATED as Euka Wadlington and Christopher M. Holmes in the matter herein.

**(bold emphasis added).**

7

## Certificate of Service

I, Dion Thomas, certify that on _August_ , _27_ , 2021, I mailed by First Class Mail the original copy of my Pro Se 2241 Writ of Habeas Corpus Petition and Memorandum of Law In Support of Granting Thomas's 2241 Writ of Habeas Corpus Petition to this Honorable Court at the said address listed below herein:

Clerk of the Court

U.S. Courthouse

211 19th Street, Room 203

Rock Island, IL. 61201

Date: _8 / 27/ 2021_

/s/ _Dion Thomas_

Mr. Dion Thomas

Pro Se Petitioner

8