**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Dion Thomas, Sr., (44399-424), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 21 C 50351 |
| v. | ) | |
| | ) | Hon. Iain D. Johnston |
| | ) | |
| A. Ciolli, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Dion Thomas, Sr., a federal prisoner at FCI Oxford, seeks habeas corpus relief under 28 U.S.C. § 2241, arguing he is actually innocent of his 21 U.S.C. § 841(b)(1)(B) sentence enhancement because his prior state conviction does not qualify as a "felony drug offense" under 21 U.S.C. § 802(44). Respondent (the Government) has filed a motion to dismiss, contending Thomas is not entitled to § 2241 relief because he cannot satisfy 28 U.S.C. § 2255(e)'s savings clause to bring a habeas petition. For the reasons below, the Government's motion is granted.

**BACKGROUND**

In 2013, following a jury trial in the Northern District of Iowa, Thomas was convicted of one count of conspiracy to distribute 100 grams or more of a substance containing a detectable amount of heroin following a prior felony drug conviction (Count One), 21 U.S.C. §§ 841(b)(1)(B) and 846, and one count of distribution of heroin following a prior felony drug conviction (Count Three), 21 U.S.C. § 841(b)(1)(C). *See United States v. Thomas*, No. 11-CR-2046-LRR, Dkt. Entry 306 (N.D. Iowa). Before trial, the Government filed an information under 21 U.S.C. § 851 notifying Thomas that it intended to rely on his 2009 Illinois conviction for possession of cocaine in violation of 720 ILCS 570/402(c) to enhance his sentence. *Id*. at Dkt. Entries 91, 290. With the

enhancement, Thomas was subject to a statutory minimum sentence of ten years, a statutory maximum sentence of life imprisonment, and a term of supervised release of at least eight years. *See* § 841(b)(1)(B).

Applying a base offense level of 34, plus a three-level enhancement for Thomas' managerial role in the conspiracy, and a criminal history category of IV, the presentence investigation report (PSR) calculated his Sentencing Guidelines range as 292-365 months' imprisonment.[1] (Dkt. 10-1, p. 9-10, 12-13, 17.) Thomas objected to the Guidelines calculation in the PSR, including the base offense level, the upward adjustment for his role in the offense, and his criminal history category. *United States v. Thomas*, No. 11-CR-2046-LRR, 2013 WL 3456947, at *4 (N.D. Iowa July 9, 2013) (district court's sentencing order). He also challenged his statutory sentence enhancement, arguing his Illinois § 402(c) conviction could not serve as a predicate "felony drug offense" under § 841(b)(1)(B) because it constituted conduct relevant to his instant federal offenses. *Thomas*, 2013 WL 3456947, at *4-7.

Following a sentencing hearing, the district court issued a written order on the contested PSR issues. *Id.* at *1. The court adopted the PSR's Guidelines computation, but granted Thomas' motion for a downward variance from the recommended sentencing range. *Thomas*, No. 11-CR-2046-LRR, Dkt. Entry 320, p. 2-3, 20-21. He was sentenced to concurrent terms of imprisonment of 240 months and eight years of supervised release. *Id.* at Dkt. Entry 320, p. 23-24. His sentence was later reduced to 235 months' imprisonment following the passage of Amendment 782 to the Guidelines, which reduced the offense levels assigned to drug quantities for drug-trafficking offenses. *Id.* at Dkt. Entry 374.

1 The 2012 Sentence Guidelines Manual was used in Thomas' case. (Dkt. 10-1, p. 9.)

On appeal, Thomas argued the district court erred by: (1) allowing testimony regarding his alleged crack distribution and money laundering; (2) denying his motion for new counsel; (3) considering his uncharged crack-distribution conduct when calculating his Guidelines' offense level; and (4) considering his Illinois § 402(c) conviction in his Guidelines' criminal history calculation. *See United States v. Thomas*, 760 F.3d 879 (8th Cir. 2014). The Eighth Circuit affirmed, *id*., and the Supreme Court denied Thomas' petition for a writ of certiorari. *Thomas v. United States*, 574 U.S. 1102 (2015).

Thomas then filed a motion under 28 U.S.C. § 2255, which raised various claims of ineffective assistance of counsel, prosecutorial misconduct, and trial court errors. *Thomas v. United States*, No. 16-CV-2006-LRR, Dkt. Entry 1 (N.D. Iowa). The district court denied his motion, holding his claims were either meritless or procedurally defaulted. *Thomas v. United States*, Nos. 11-CR-2046-LRR, 16-CV-2006-LRR, 2017 WL 3526664, at *13 (N.D. Iowa Aug. 16, 2017); *see also Thomas v. United States*, No. 18-1492, 2018 WL 11303675 (8th Cir. Oct. 31, 2018) (denying Thomas' request for a certificate of appealability); *Thomas v. United States*, 139 S. Ct. 2656 (Mem.) (2019) (denying his petition for a writ of certiorari).

In 2019, Thomas again sought § 2255 relief, this time challenging his sentence under *Mathis v. United States*, 579 U.S. 500 (2016). *See Thomas v. United States*, No. 19-CV-2052-LRR, Dkt. Entry 1 (N.D. Iowa). The district court denied his motion as an unauthorized second or successive motion, and his appeal was subsequently dismissed. *Id*. at Dkt. Entries 7, 16.

Thomas now brings a habeas corpus petition under 28 U.S.C. § 2241 challenging his § 841(b)(1)(B) sentence enhancement. (Dkt. 1, p. 7-8.) As mentioned above, at the time of Thomas' federal offenses, § 841(b)(1)(B) provided for a five-year mandatory minimum sentence

that increased to a mandatory minimum term of imprisonment of ten years if the defendant was convicted "after a prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(B).[2] The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Invoking the Supreme Court's decision in *Mathis* and the Seventh Circuit's decision in *Najera-Rodriguez v. Barr*, 926 F.3d 343 (7th Cir. 2019), Thomas' § 2241 petition argues that he is actually innocent of his § 841(b)(1)(B) sentence enhancement because his Illinois § 402(c) conviction cannot serve as a predicate "felony drug offense" as the state statute is categorically broader than its federal counterpart. (Dkt. 1-1, p. 2-6.)

In response to Thomas' § 2241 petition, the Government filed a motion to dismiss, arguing Thomas cannot satisfy the requirements of 28 U.S.C. § 2255(e)'s savings clause to seek § 2241 relief for this claim. (Dkt. 11.) For the reasons below, the Court grants the Government's motion.

## ANALYSIS

### I. Thomas' Categorical-Approach Claim

As noted above, before his federal drug convictions, Thomas was convicted in Illinois for possession of less than 15 grams of cocaine in violation of 720 ILCS 570/402(c). *See Thomas*, No. 11-CR-2046-LRR, Dkt. Entries 91, 290. Section 402(c) is a broad, residual provision under

2 Section 841(b)(1)(B)'s applicable penalty provision has since been amended to apply to defendants who committed their offenses "after a prior conviction for a serious drug felony or serious violent felony." *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Unless otherwise indicated, references to § 841(b)(1)(B) in this opinion are to the version of the statute that was in effect at the time of Thomas' convictions and sentence.

Illinois' unlawful possession statute that criminalizes possession "with regard to an amount of a controlled substance other than methamphetamine or counterfeit substance not set forth in subsection (a) or (d)." 720 ILCS 570/402(c). At the time of Thomas' Illinois offense and conviction, "controlled substance" was defined under state law as a "drug, substance, or immediate precursor" under the state's drug schedules.[3] 720 ILCS 570/102(f).

Thomas argues that his § 402(c) conviction is categorically broader[4] than the federal definition of "felony drug offense" under § 802(44) because Illinois' drug schedule defines cocaine to include positional isomers, *see* 720 ILCS 570/206(b)(4) (Schedule II); whereas, the federal drug schedule does not, *see* 21 U.S.C. §§ 802(14), 802(17), 812, Schedule II(a)(4). (Dkt. 1-1, p. 4-6.) He also contends Illinois' definition of cocaine analogue is broader than the federal definition of a controlled substance analogue. *Id.* In addition to being overbroad, Thomas further argues that Illinois' catchall-drug-possession statute is not divisible because the Seventh Circuit held in *Najera-Rodriguez* that § 402(c) consists of alternative means, not alternative elements, and therefore, under *Mathis*,[5] is not subject to the modified categorical approach. (Dkt. 1-1, p. 2-6);

---

3 Illinois' drug schedules are found at 720 ILCS 570/204 (Schedule I), § 206 (Schedule II), § 208 (Schedule III), § 210 (Schedule IV), and. § 212 (Schedule V). *See United States v. De La Torre,* 940 F.3d 938, 949 (7th Cir. 2018).

4 The categorical approach is used to determine whether a prior state conviction qualifies as a "felony drug offense" under the federal definition. *See Gamboa v. Daniels*, 26 F.4th 410, 415 (7th Cir. 2022). "Under the categorical approach, courts look solely to whether the elements of the crime of conviction match the elements of the federal recidivism statute." *Id*. (quoting *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020) (citing *United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018)). Courts do not consider the facts underlying the prior conviction, but instead compare the elements of that offense with the definition of the predicate offense in the federal statute. *See Taylor v. United States*, 495 U.S. 575, 600-02 (1990). For § 841(b)(1)'s sentence enhancements, courts should ask "whether the prior conviction's elements necessarily entail the conduct identified in [the definition of 'felony drug offense' under] § 802(44)." *Ruth*, 966 F.3d at 646-47 (relying on *Shular v. United States*, 140 S. Ct. 779 (2020)). "If, and only if, the elements of the state law mirror or are narrower than the federal statute can the prior conviction qualify as a predicate felony drug offense." *United States v. De La Torre,* 940 F.3d 938, 948 (7th Cir. 2018) (citing *Elder*, 900 F.3d at 501); *see also Taylor*, 495 U.S. at 602. This is the straightforward categorical approach that was initially introduced in *Taylor.*

5 In 2016, the Supreme Court in *Mathis* clarified the application of what has become known as the "modified categorical approach." The modified categorical approach applies when a state statute is divisible, *i.e.*, it "sets out one

*see also Najera-Rodriguez*, 926 F.3d at 350-56. For these reasons, Thomas contends his Illinois § 402(c) conviction does not qualify as a "felony drug offense" for purposes of § 841(b)(1)(B)'s sentence enhancement and he is entitled to resentencing. (Dkt. 1-1, p. 6.)

The Seventh Circuit has applied the categorical approach to determine whether a prior Illinois drug conviction qualifies as a predicate offense under a federal recidivism statute on several occasions. *See United States v. Ruth*, 966 F.3d 642, 645-50 (7th Cir. 2020) (considering whether a 2006 Illinois conviction for possession with intent to distribute cocaine qualifies as a "felony drug offense" under § 841(b)(1)'s sentence enhancements); *Najera-Rodriguez*, 926 F.3d at 347-56 (considering whether a prior Illinois § 402(c) conviction constitutes a "controlled substance offense" under 8 U.S.C. § 1227(a)(2)(B)(i) in an immigration removal proceeding); *United States v. De La Torre,* 940 F.3d 938, 948-49 (7th Cir. 2018) (considering whether a 1993 Illinois conviction under § 402(c) is a "felony drug offense" for purposes of § 841(b)(1)). Of these cases, the one most applicable to Thomas' claim is *Ruth*.[6] In *Ruth*, on direct appeal, the Seventh Circuit

or more elements of the offense in the alternative." *Descamps v. United States*, 570 U.S. 254, 257 (2013). In these circumstances, the sentencing court is permitted to "review a limited class of documents … to determine what crime, with what elements, a defendant was convicted of … [and] then compare that crime, as the categorical approach commands, with the relevant generic offense." *Mathis*, 579 U.S. at 505-06 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S. at 602). *Mathis* held, however, that the modified categorical approach applies only when the state statute lists alternative elements, thereby defining multiple crimes (*e.g.,* a burglary statute that prohibits the lawful entry or the unlawful entry of a premises with intent to steal), and not to statutes that simply list alternative means of committing an element of a single crime (*e.g*., a burglary statute that prohibits unlawful entry into any building, structure, land, water, or air vehicle). *See Mathis*, 579 U.S. at 505-07, 513-14, 517-19; *see also Van Cannon v. United States*, 890 F.3d 656, 663 (7th Cir. 2018). For alternative-means statutes, the modified categorical approach has no role to play, as "the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution." *Mathis*, 579 U.S. at 517. Rather, the categorical approach established in *Taylor* applies, and the court "may ask only whether the elements of the state crime and generic offense make the requisite match." *Id.* (emphasis omitted).

6 In *De La Torre*, the Seventh Circuit concluded that a prisoner's Illinois § 402(c) conviction did not trigger § 841(b)(1)'s sentence enhancement for a prior felony drug offense because "the Illinois schedules [in 1993] listed propylhexedrine as a Schedule V controlled substance," thereby rendering the state statute categorically overbroad. *De La Torre*, 940 F.3d at 949 (relying on *United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018), where the Seventh Circuit held that an Arizona statute defining "dangerous drug" as including "propylhexedrine" and "scopolamine" was categorically broader than the federal definition of "felony drug offense"). Thomas' § 402(c) challenge relies not on

held a prior Illinois conviction for possession with intent to distribute cocaine under 720 ILCS 570/401(c)(2) swept more broadly than § 841(b)(1)'s "felony drug offense" sentence enhancement because Illinois' definition of cocaine includes positional isomers, and the federal definition includes only geometric and optical isomers. *Id.* at 645-50. Thomas' claim mirrors the issue *Ruth* addressed. *See* (Dkt. 1-1, p. 4) ("Illinois['] definition of 'cocaine' is broader than the federal definition of 'cocaine' because it includes 'positional' isomers and cocaine analogues.").

But whether Thomas raises a meritorious claim under *Ruth* is a question this Court cannot address until it determines that he can file a § 2241 petition to bring that claim. Thomas is proceeding by way of § 2255(e)'s savings clause; the prisoner in *Ruth*, as well as the prisoners in similar categorical-approach cases, *see Najera-Rodriguez* and *De La Torre*, were not. For § 2255(e) cases, the threshold question before the Court is not whether Thomas' claim has merit, but whether his argument that his § 402(c) conviction is broader than the federal definition of "felony drug offense" satisfies the savings clause analysis. *See Gamboa v. Daniels*, 26 F.4th 410, 418 (7th Cir. 2022).

## II. Section 2255(e)'s Savings Clause

"As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (citing *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014)). Under § 2255, federal prisoners are limited to only one motion and cannot bring a second motion unless the

propylhexedrine (which appears to have been removed from Illinois' drug schedules by the time he committed his § 402(c) offense, *see* 720 ILCS 570/212 (2009)), but on the mismatched definitions of cocaine under Illinois and federal law. Moreover, although *Najera-Rodriguez* held that § 402(c) is not divisible, Thomas' claim (as will be discussed) depends not on the divisibility of § 402(c), but instead on whether Illinois' definition of cocaine in § 206(b)(4) is broader than the federal definition in § 802(44), thereby taking it out of § 841(b)(1)(B)'s "felony drug offense."

prisoner's claim is based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(1)-(2).

If a prisoner cannot satisfy § 2255(h)'s gatekeeping provisions, a narrow alternative path to relief may be available under § 2255(e) (the "so-called 'savings clause'"). *Santiago v. Streeval*, 36 F.4th 700, 705 (7th Cir. 2022). "The statutory savings clause, § 2255(e), permits another round of collateral review through a petition for habeas corpus under § 2241, but only if the remedy by [a § 2255] motion is 'inadequate or ineffective to test the legality of [the prisoner's] detention.'" *Guenther v. Marske*, 997 F.3d 735, 742 (7th Cir. 2021) (quoting § 2255(e)) (alterations in original).

Unlike § 2255 motions, which are filed in the district of the prisoner's conviction and sentence, § 2241 petitions, including those invoking § 2255(e)'s savings clause, are filed in the district where the prisoner is in custody. *See Webster v. Daniels*, 784 F.3d 1123, 1144 (7th Cir. 2015) (en banc). Thomas was convicted and sentenced in the Eighth Circuit, but filed the instant § 2241 petition after his transfer to Thomson Satellite Prison Camp, a federal prison located in the Seventh Circuit.[7] This Court's first question as to its § 2255(e) analysis is thus which jurisdiction's law—the Seventh or the Eighth Circuit—governs the scope of the savings clause, *i.e.*, whether § 2255 is "inadequate or ineffective." As the Government notes, the Seventh Circuit has not yet

7 Thomas initially filed a § 2241 petition challenging his § 841(b)(1)(B) enhancement in the District of South Carolina. *Thomas v. Riveria,* No. 20-CV-4165-HMH, Dkt. Entry 1 (D.S.C.) During the pendency of his habeas corpus petition, Thomas was transferred to Thomson in the Northern District of Illinois. *Thomas*, 20-CV-4165-HMH, Dkt. Entries 38, 45. He subsequently moved to voluntarily dismiss his § 2241 petition in South Carolina, which the district court granted. *Id.* at Dkt. Entries 45, 47. Thomas then initiated the instant action while incarcerated at Thomson. (Dkt. 1-2, p. 16-17.) Although he has since been transferred to a different federal prison in Wisconsin, his case is properly before this Court. *See Webster*, 784 F.3d at 1144; *see also In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021) ("a prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction").

answered this question. (Dkt. 11, p. 5-6); *see also Chazen*, 938 F.3d at 865-66 (Barrett, J., concurring) ("Today's opinion avoids resolving the choice-of-law problem because the Government conceded in the district court that Seventh Circuit law applies … I worry that accepting the concession risks giving the impression that we settled the issue. Lest there be any confusion, we have not.").

The Seventh and the Eighth Circuits' respective savings clause jurisprudence is representative of the current circuit split regarding the availability of § 2255(e).[8] *See Jones v. Hendrix*, 8 F.4th 683, 686-87 (8th Cir. 2021), *cert granted*, No. 21-857, 142 S. Ct. 2706 (May 16, 2022). The Supreme Court granted certiorari and heard oral argument on the meaning of "inadequate and ineffective" under § 2255(e), but has not yet issued a decision. *Id.* This Court, however, need not wait for the Supreme Court's resolution of the matter because, as explained below, Thomas cannot invoke § 2255(e)'s savings clause in either circuit. *See Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022) (waiting for the Supreme Court's decision in *Jones* was unnecessary where § 2241 petitioner could not satisfy the Seventh Circuit's (where he filed his petition) savings clause standard.

### A. The Seventh Circuit's *Davenport* Approach

In the Seventh Circuit, the question as to whether the remedy by § 2255 is inadequate or ineffective turns on whether the petitioner "had a reasonable opportunity to obtain a reliable

8 As the Eighth Circuit observed in *Jones*, it, the Tenth, and the Eleventh Circuits hold that the remedy by § 2255 is not ineffective or inadequate if the prisoner "could have made his argument in his first § 2255 motion," as opposed to whether circuit precedent was against him at the time, which is what the Seventh and other circuits hold. *Jones*, 8 F.4th at 688; *see also Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011); *McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1099-1100 (11th Cir. 2017) (en banc). The Government, in its motion to dismiss, maintains that the former represents the appropriate interpretation of § 2255(e)'s savings clause, not the latter. (Dkt. 11, p. 20-25.) But as discussed above, this Court need not hold this case pending the Supreme Court's decision concerning the circuit split, as Thomas satisfies neither the Seventh nor the Eighth Circuit's savings clause standards.

determination of the fundamental legality of his conviction or sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). For claims like Thomas' where the alleged defect arises from the Supreme Court's new interpretation of a statutory provision,[9] the Seventh Circuit has developed a three-part test to answer the above question and determine whether the claim can proceed by way of § 2255(e): (1) the petitioner "relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) … the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) … the error is 'grave enough … to be deemed a miscarriage of justice …'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (quoted case omitted) (citing *Davenport*, 147 F.3d at 611); *see also Mangine*, 39 F.4th at 447 ("Those familiar with our precedent will recognize these criteria as the *Davenport* factors.").

**1. Case of Statutory Interpretation**

Thomas contends that his § 402(c) challenge relies on *Mathis*, a case of statutory interpretation. (Dkt. 1-1, p. 2.) The Government does not appear to contest Thomas' ability to satisfy *Davenport*'s first prong, (Dkt. 11, p. 8), nor would such an argument likely be successful. Even if *Mathis* is not the first Supreme Court case to address the issue Thomas raises (discussed later), his claim—whether his Illinois drug conviction qualifies as a "felony drug offense" under § 841(b)(1)(B)—clearly involves a statutory-interpretation issue and not a new rule of

9 Thus far, the Seventh Circuit has identified "three scenarios … illustrating the inadequacy or ineffectiveness of the relief otherwise available through § 2255." *Higgs v. Watson*, 984 F.3d 1235, 1239 (7th Cir. 2021). Those scenarios stem from three lines of cases: (1) *Davenport*, 147 F.3d 605 (involving an alleged miscarriage of justice based on a new rule of statutory interpretation made retroactive by the Supreme Court); (2) *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001) (involving a new development in petitioner's case based on an international human rights commission determination); and (3) *Webster*, 784 F.3d 1123 (involving the discovery of previously unavailable evidence that affected petitioner's sentence). Both parties concede, and the Court agrees, that only the *Davenport* line of cases applies to Thomas' claims.

constitutional law as required under § 2255(h)(1). *Davenport*'s first prong therefore does not pose a bar to Thomas' § 2241 petition.

**2. Retroactivity and Prior Unavailability**

As for *Davenport*'s second prong, Thomas argues that he could not have challenged his Illinois § 402(c) conviction being considered a predicate "felony drug offense" under § 841(b)(1)(B) until the Supreme Court decided *Mathis*. (Dkt. 1, p. 5.) The Government provides several reasons why Thomas cannot meet *Davenport*'s second prong, but as the Court explains below, this issue is not so clear.

The Government first notes the absence of clarity as to *Mathis*'s retroactivity on collateral review. (Dkt. 11, p. 8.) It is true "[o]ur circuit's decisions about the retroactivity of *Mathis* seem to look in different directions." *Liscano v. Entzel*, 839 F. App'x 15, 16 (7th Cir. 2021) (non-precedential decision) (comparing *Chazen*, 938 F.3d at 851, with *Hanson v. United States*, 941 F.3d 874, 877 (7th Cir. 2019)). Regardless, the Government argues, Thomas cannot satisfy *Davenport*'s second prong because his claim could have been invoked in an earlier proceeding as it does not actually rely on *Mathis*, but instead on *Taylor*'s straightforward categorical approach. (Dkt. 11, p. 9-17.) But whether the "prior unavailability" question can be answered as definitively as the Government contends presents a complicated issue.

The Seventh Circuit has "repeatedly stressed that a petitioner seeking to invoke the savings clause must establish that he was unable to raise the statutory claim at the time of his original § 2255 proceeding." *Gamboa*, 26 F.4th at 417 (quoting *Chazen*, 938 F.3d at 861). Thus, "[i]f it 'would have been futile' for [Thomas] to raise [his] arguments in his § 2255 motion because the 'law was squarely against him,'" he may be able to satisfy *Davenport*'s second requirement. *Id.*

(citing *Beason v. Marske*, 926 F.3d 932, 936 (7th Cir. 2019) (quoting *Webster*, 784 F.3d at 1136)). The relevant inquiry "focus[es] on whether the law in the circuit of conviction would have been against the habeas petitioner." *Id.*

Thomas argues that from the time of his sentencing through the expiration of the statute of limitations on his initial § 2255 motion, Eighth Circuit law was settled that a prior Illinois conviction under § 402(c) qualified as a "felony drug offense" under § 841(b)(1)(B)'s sentence enhancement. (Dkt. 1-1, p. 3-4.) It was not until the Supreme Court decided *Mathis*, contends Thomas, that a categorical challenge became available based on § 402(c)'s overbreadth and indivisibility. *Id.*

In support of his argument, Thomas cites two Illinois district court cases that granted habeas corpus relief to petitioners challenging their § 402(c) convictions as predicate "felony drug offenses" under *Mathis*. *See Wadlington v. Werlich*, No. 17-C-449-SMY, 2020 WL 1692533 (S.D. Ill. Nov. 12, 2020); *Holmes v. Hudson*, No. 19-C-50154, 2020 WL 5530116 (N.D. Ill. Sept. 15, 2020). In these cases, *Davenport*'s second prong was found to be satisfied on grounds that it would have been "futile" for petitioners to raise a *Mathis*-like argument in the Eighth Circuit before the Supreme Court decided *Mathis*. *Wadlington*, 2020 WL 1692533, at *4 ("As such, it would have been futile for Wadlington to raise [a *Mathis*-like argument] at the time of his direct appeal and § 2255 motion."); *Holmes*, 2020 WL 5530116 at *3 ("*Mathis*-like arguments were 'futile' in the Eighth Circuit before the Supreme Court—reversing the Eighth Circuit, incidentally—decided *Mathis*.").

The Seventh Circuit, however, has since rejected the argument that categorical challenges to prior state convictions were unavailable in the Eighth Circuit pre-*Mathis*. *See Gamboa*, 26 F.4th

410. The petitioner in *Gamboa*, like the petitioners in *Wadlington* and *Holmes*, relied on *Mathis* to argue his Minnesota and North Dakota drug convictions could not serve as predicate "felony drug offenses" to enhance his sentence under § 841(b)(1). *Gamboa*, 26 F.4th at 414-15. The Seventh Circuit was not persuaded by petitioner's attempts to style his argument as a *Mathis*-based claim; rather, what petitioner was "*really* arguing … [is] that the Minnesota and North Dakota statutes are categorically broader than the relevant federal statutes." *Id.* at 418 (emphasis in original). Such a challenge, the Seventh Circuit held, was not foreclosed to petitioner pre-*Mathis* because the law did not prevent him "from making an argument in the Eighth Circuit that an alternatively phrased statute could be indivisible under the categorical approach at the time of his initial § 2255 motion." *Id.*[10] In other words, "whether under the *Taylor* categorical approach or a comparison of the straightforward federal definition to the state statute of conviction, the law was not squarely against [petitioner] and it would not have been futile for him to raise his arguments in his initial § 2255 motion." *Id.* at 418-19.

It would appear then that Thomas' argument under *Mathis* faces the same fate as the petitioner's in *Gamboa*. His claim, at its core, is a categorical overbreadth challenge based on a comparison of the definitions of cocaine under state and federal law which, as discussed above,

10 Specifically, the Seventh Circuit rejected petitioner's contention that the Eighth Circuit's decisions in *United States v. Payton*, 918 F.2d 54 (8th Cir. 1990), and *United States v. Cornelius*, 931 F.2d 490 (8th Cir. 1991), foreclosed his claim pre-*Mathis*. *Gamboa*, 26 F.4th at 418. Both *Payton* and *Cornelius* addressed whether the district court could look to the charging document to determine whether an Iowa burglary conviction matched the generic definition of "burglary" as required by *Taylor*. *See Cornelius*, 931 F.2d at 493-94 (citing *Payton*, 918 F.2d at 56) (holding that if a defendant pleads guilty to a nongeneric burglary statute and the information portion of the charging document includes all of the elements of generic burglary, then the conviction constitutes generic burglary for the purposes of § 924(e)). *Mathis* later clarified that sentencing courts could only look beyond the statute of conviction to certain documents, such as the charging document, when the statute is divisible, *i.e.*, when it lists multiple alterative elements. *See Mathis*, 579 U.S. at 513-14. The Seventh Circuit, however, found that neither *Payton* nor *Cornelius* had any bearing on the prior availability of petitioner's categorical challenge to his prior state drug convictions because his argument did not depend on the holding in *Mathis*. *Gamboa*, 26 F.4th at 418 ("But those cases are not pertinent to what Gamboa is *really* arguing here.")

mirrors the argument raised by the prisoner in *Ruth*. Such an argument arises not from *Mathis*, but from *Taylor*—a 1990 Supreme Court decision that long predates Thomas' original § 2255 motion filed in 2016. *See Johnson v. Keyes*, No. 22-1048, 2022 WL 17075973, at *3 (7th Cir. Nov. 18, 2022) ("[D]ecisions about drug isomers do not depend on the Supreme Court's holding in *Mathis*. … Instead, a claim along these lines involves a straightforward comparison between the state definition … and the federal definition of cocaine); *Kelso v. Quintana*, No. 21-3350, 2022 WL 2072485, at *2 (7th Cir. June 9, 2022) (explaining § 2241 petitioner's reliance on *Mathis* is misplaced as his "argument on the merits—that Alabama's definition of cocaine is overbroad in relation to the federal definition—sounds in this court's decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), not the Supreme Court's *Mathis* decision. And as we explained in *Ruth*, 'we apply the *Taylor* categorical approach' to determine whether a federal defendant's prior state conviction is a strike under § 841."). And though *Ruth* concerned a different Illinois drug statute than the one at issue here, *De La Torre*, which concluded § 402(c) is categorically broader than the federal definition of "felony drug offense," albeit based on the state's inclusion of propylhexedrine as opposed to the definition of cocaine, has similarly been found to stem from *Taylor*, not *Mathis*. *See Gamboa*, 26 F.4th at 418 (rejecting petitioner's reliance on *De La Torre* in support of his overbreadth and indivisibility argument as the case "d[id] not rely on *Mathis*; [but] on *Taylor* and *Descamps*").

Applying *Gamboa*, Thomas could have raised his categorical-approach claim before *Mathis* since he "is *really* arguing" a *Taylor* claim that his Illinois § 402(c) conviction is "categorically broader than the relevant federal statutes." *Gamboa*, 26 F.4th at 418-19 (emphasis in original) (collecting Eighth Circuit cases where courts considered whether a prior state drug

conviction qualified as a predicate offense for purposes of a federal sentencing enhancement by comparing the relevant statutory definitions without relying on *Mathis*). But the "prior unavailability" answer is not so clearcut in Thomas' case.

At the time of Thomas' sentencing, the law of the Eighth Circuit was that a conviction under § 402(c) constituted a predicate "felony drug offense" to support an § 841(b)(1) sentence enhancement. *See United States v. Hawkins*, 548 F.3d 1143, 1150 (8th Cir. 2008). *Hawkins* did not mention *Taylor*, nor did it appear to engage in a "straightforward" comparison analysis; rather it looked broadly at the definition of "felony drug offense" under § 802(44) and determined Hawkins' prior possession conviction "fit[] within th[e] definition" because "it is a state law felony drug offense punishable by imprisonment for more than one year." *Id.* It was not until 2019 that the Eighth Circuit held the *Taylor* categorical approach applies when addressing whether a statute qualifies as a predicate conviction under § 841(b)(1)'s sentence enhancements. *See Stewart v. United States*, No. 21-2791, 2022 WL 3135296, at *2 (8th Cir. Aug. 5, 2022) (per curiam) (citing *United States v. Boleyn*, 929 F.3d 932, 936 (8th Cir. 2019)).

This line of precedent suggests that it would have been futile for Thomas to raise a *Taylor*-based challenge to his § 402(c) conviction at the time of his initial § 2255 motion. *Cf. Stewart*, 2022 WL 3135296, at *1-2 (affirming denial of § 2255 petitioner's claim of ineffective assistance of counsel for failing to challenge Illinois § 402(c) conviction under categorical approach because the Eighth Circuit did not hold that categorical approach applied in this context until after petitioner's sentencing, and counsel could not be found to have performed deficiently in failing to raise an issue unsupported by then-existing precedent). However, even if Thomas' § 402(c) challenge was previously unavailable to him under *Taylor*, he cannot seek habeas corpus relief via

§ 2255(e)'s savings clause because he cannot establish his § 841(b)(1)(B) sentence enhancement resulted in a miscarriage of justice.

### 3. Miscarriage of Justice

Turning to *Davenport*'s third prong, the Government argues that Thomas cannot satisfy this savings-clause requirement because he cannot demonstrate that an error regarding the appropriate mandatory minimum amounted to a miscarriage of justice. (Dkt. 11, p. 17-18.) This Court agrees.

Section 2255(e) makes clear that "post-conviction relief through the savings clause is available only to a prisoner 'test[ing] the legality of his detention.'" *Mangine*, 39 F.4th at 447 (quoting § 2255(e)). Thus, to establish a miscarriage of justice, it must be shown that a "statutory error" occurred, "resulting in 'the judge impos[ing] a sentence that he had no authority to impose.'" *Id.* at 448 (quoting *Hawkins v. United States*, 706 F.3d 820, *supplemented on denial of reh'g*, 724 F.3d 915, 917 (7th Cir. 2013)). "Under this standard, habeas [corpus] petitioners … are not entitled to habeas [corpus] relief based on trial errors unless they can establish that it resulted in 'actual prejudice.'" *Hawkins*, 724 F.3d at 917 (alterations in original) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "[A]n error that results only in 'a sentence that is well below the ceiling imposed by Congress whether directly or by delegation to the Sentencing Commission' cannot 'be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it.'" *Mangine*, 39 F.4th at 448 (quoting *Hawkins*, 706 F.3d at 824-25).

This Court is cognizant of the fact that Thomas' § 402(c) conviction triggered different statutory minimum and maximum terms that he would not have otherwise been subject to without

§ 841(b)(1)(B)'s sentence enhancement. With the enhancement, his statutorily required minimum sentence increased from five years to ten years, and the maximum sentence authorized by statute increased from 40 years to life imprisonment. 21 U.S.C. § 841(b)(1)(B). Though a miscarriage of justice can occur where a petitioner's sentence "is increased by application of an enhancement of which he [is] actually innocent," *Perrone v. United* States, 889 F.3d 898, 904 (7th Cir. 2018), Thomas' sentence was "increased" in name only. In effect, the application of the sentence enhancement had no impact on the computation of the applicable Guidelines sentencing range, which was calculated as 292 to 365 months' imprisonment.[11] *See* (Dkt. 10-1, p. 17); *see also* U.S.S.G. § 5G1.1 (explaining how statutorily authorized maximum and mandatory minimum terms may affect the computation of the Guidelines sentencing range). Further, the sentencing court, after "careful[] consider[ation]" of 18 U.S.C. § 3553(a)'s statutory factors, granted Thomas' motion for downward variance, and imposed a sentence of 240 months' imprisonment—a term that falls within the statutorily authorized sentencing range, with or without § 841(b)(1)(B)'s sentence enhancement. *See Thomas*, No. 11-CR-2046-LRR, Dkt. Entry 320, p. 18-23.

In other words, the application of § 841(b)(1)(B)'s enhancement, even if erroneous, did not result in an increased sentence that the sentencing court was without authority to impose. Thomas therefore cannot show his sentence is unlawful.[12] *See Mangine*, 39 F.4th at 449; *see also Eaton v.*

11 As the Supreme Court established in *United States v. Booker*, 543 U.S. 220 (2005), this range was only advisory, *i.e.,* the sentencing court was required to consider Thomas' Sentencing Guidelines range, but was permitted to tailor the sentence "in light of other statutory concerns." *Booker*, 543 U.S. at 245 (citing 18 U.S.C. § 3553(a) (listing the factors to be considered in imposing a federal sentence)).

12 In his response to the Government's motion to dismiss, Thomas argues that if he was granted a resentencing hearing, he would not be assessed any criminal history points, thereby yielding a sentencing term of 168 months. (Dkt. 12, p. 7.) But the Court fails to see how disqualifying a prior drug conviction as a "felony drug offense" under § 841(b)(1)(B) would subsequently lead to a criminal history score of zero, particularly when Thomas' criminal history score includes other criminal offenses beyond his § 402(c) conviction. (Dkt. 10-1, p. 11-13.) He also contends that the applicable sentencing range would be further reduced to 116 months. (Dkt. 12, p. 7.) This argument is based on the

*Marske*, No. 21-CV-482-WMC, 2022 WL 6235695, at *2 (W.D. Wis. Sept. 1, 2022) (denying § 2241 petition on miscarriage of justice prong where petitioner could not establish sentence was unlawful given that, if he was resentenced today without the "felony drug offense" enhancement, the court could reimpose the same 223-month sentence originally imposed); *Faulkner v. United States*, No. 20-CV-01339, 2021 WL 3074157, at *3 (C.D. Ill. July 20, 2021) (finding no miscarriage of justice where § 841(b)(1) enhancement, even if erroneous, could not be said to have actually increased petitioner's sentence where the 360-month term that was imposed fell "below the statutory maximum authorized without the enhancement"); *Fleming v. Entzel,* No. 20-CV-1059, 2020 WL 5881437, at *4 (C.D. Ill. Oct. 2, 2020) (rejecting miscarriage of justice argument based on application of the prior "felony drug offense" enhancement because petitioner's 286-month term was well within the statutory range, with or without the enhancement). For these reasons, Thomas' claim fails on *Davenport*'s third prong. Thus, under Seventh Circuit law, he cannot satisfy § 2255(e)'s savings clause to bring a § 2241 petition.

**B. The Eight Circuit's Savings Clause Approach**

Thomas' § 2241 petition fares no better under the Eighth Circuit's savings clause approach, which is more restrictive than the Seventh Circuit's *Davenport* test. Under Eighth Circuit law, a federal prisoner may not invoke § 2255(e) to bring a § 2241 habeas corpus petition if he had "any opportunity to present his claim beforehand." *Jones*, 8 F.4th at 687 (internal quotation marks and citation omitted). The savings clause, states the Eighth Circuit, "asks whether § 2255's remedy is

---

assumption that the sentencing court would again exercise its discretion to grant a 52-month downward variance as it did at the original sentencing hearing. *Id.* But the Seventh Circuit has held that such arguments involving a "two-step path to relief" that are dependent on "predictions about the exercise of judicial discretion" are "too indirect" to provide a basis for finding a miscarriage of justice occurred. *Mangine*, 39 F.4th at 449. As noted above, a miscarriage of justice occurs when a judge "impos[es] a sentence that he had no authority to impose" resulting in "actual prejudice" absent the error. *Id.* (quoting *Hawkins*, 724 F.3d at 917).

'inadequate or ineffective to *test* the legality of [a prisoner's] detention.' § 2255(e) (emphasis added). And 'to test' means 'to try.' … Simply, the saving clause is interested in opportunity, not outcome." *Id.* (quoted case omitted) (alterations in original). Section 2241 relief is therefore unavailable when the prisoner had an opportunity "to try" to raise the claim in his § 2255 motion, even if the law at that time was against him, as he could have sought a change in law via a Circuit en banc ruling or Supreme Court decision. *Id*. Thomas' petition does not meet this standard as he could have asserted his categorical-approach claim in his § 2255 motion even if Eighth Circuit law was against him.

For the reasons discussed above, Thomas satisfies neither the Seventh nor the Eighth Circuit's savings clause precedent. He therefore cannot invoke § 2255(e) to seek habeas corpus relief on his Illinois § 402(c) challenge. Accordingly, the Court grants the Government's motion to dismiss Thomas' § 2241 petition.

**NOTICE OF APPEAL RIGHTS**

Thomas is advised that this is a final decision ending his case in this Court. If he wishes to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B). Thomas need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and,

if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

**CONCLUSION**

The Government's motion to dismiss [11] is granted. Thomas' § 2241 petition [1] is dismissed with prejudice. Any other pending motions are denied as moot. The Clerk is instructed to enter a judgment in favor of Respondent and against Petitioner. Civil case terminated.

ENTERED:

Date: January 30, 2023

IAIN D. JOHNSTON
United States District Judge